IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGNIA

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | No. 2:10-1118 |
| v. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | |
| Defendant. | |

## COMPLAINT

AND NOW, comes the plaintiff, American States Insurance Company (hereinafter American States), by its counsel, Pietragallo Bosick Alfano Bosick & Raspanti, LLP, and hereby demands judgment of the defendant, Travelers Property Casualty Company of America (hereinafter Travelers), and, in support thereof, American States states as follows:

1. American States is an Indiana corporation with its principal place of business in Washington. It is a citizen of Indiana and Washington. It is authorized to write property and casualty insurance in the State of West Virginia.

2. Travelers is a Connecticut corporation with its principal place of business in Connecticut. It is a Connecticut citizen. Travelers is authorized to write property and casualty insurance in the State of West Virginia.

3. Jurisdiction is founded upon 28 U.S.C. § 1332(a), in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper in this district under 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of West Virginia.

5. American States issued commercial general liability insurance to a West Virginia corporation, Real Estate Resources, Inc. (hereinafter RERI), under policy number 01-CD-359201-2, with a policy period extending from January 14, 2004 through January 14, 2005.

6. Travelers provided commercial general liability insurance to several entities, including West Virginia American Water Company (hereinafter WVAWC), which is believed to be a West Virginia corporation, under policy number TC2J-GLSA-260T3317-TIL-04, with a policy period extending from January 1, 2004 through January 1, 2005.

7. While the aforesaid American States and Travelers policies were in effect, Annetta R. Jarrett sustained a gunshot wound in a building owned and/or occupied by WVAWC and managed by RERI as the real estate manager for WVAWC.

8. In 2005, Annetta R. Jarrett and Rome Jarrett, Jr. commenced an action to recover damages from RERI and others in the Circuit Court of Kanawha County, West Virginia, at Civil Action No. 05-C-605 (hereinafter the <u>Jarrett</u> case). A true and correct copy of the

amended complaint in the <u>Jarrett</u> case is attached hereto and incorporated herein by reference as Exhibit A.

9. RERI notified American States of the <u>Jarrett</u> case and American States undertook its defense.

10. While defending RERI, American States determined that other insurance was available to RERI and, consequently, it tendered the defense and indemnification of RERI to other insurers, including Travelers.

11. Eventually, Travelers conceded that RERI was an insured under the Travelers policy due to RERI's capacity as the real estate manager for WVAWC. Attached hereto and incorporated herein by reference as Exhibit B is a true and correct copy of a letter dated November 4, 2005 containing Traveler's concession.

12. Despite Travelers' concession that RERI was an insured, Travelers failed, neglected or refused to undertake the defense of RERI in the <u>Jarrett</u> case.

13. As a result of Travelers' failure to defend RERI, defense costs were incurred on behalf of RERI by American States and another insurer not a party to this action.

14. On or about October 20, 2008, the <u>Jarrett</u> case was settled against RERI and others for the sum of $1,900,000.

15. Travelers contributed $450,000 towards the settlement of the Jarrett case.

16. Travelers failed, neglected or refused to contribute on behalf of RERI any amount in excess of $450,000 toward the aforesaid settlement.

17. As a result of Travelers' failure to pay more than $450,000 on behalf of RERI, American States was required to and did contribute $450,000 to fund the settlement of the Jarrett case.

18. Under the terms of the American States policy, bodily injury liability coverage provided to RERI was excess over any other valid and collectible insurance available to RERI for its liability arising out of its management of property for which it was acting as the real estate manager.

19. Under the terms of the Travelers policy, the bodily injury liability coverage it provided to RERI as an insured real estate manager was primary coverage.

20. Under the terms of the American States policy, if the insured, here RERI, has rights to recover all or part of any amounts paid on its behalf by American States under the commercial general liability coverage part, those rights are transferred to American States.

21. In addition to the aforesaid transfer of rights by RERI to American States, American States has acquired RERI's rights to proceed against Travelers as an equitable subrogee of RERI.

4

## COUNT I

22. American States incorporates herein by reference the allegations contained in paragraphs 1 through 21 of this pleading, as if same were set forth herein at length.

23. Travelers breached its contract of insurance when it failed, neglected or refused to defend its insured, RERI, with respect to the Jarrett case.

24. As a direct and proximate result of the aforesaid breach, American States paid defense costs on behalf of RERI in the approximate amount of $28,000.

## COUNT II

25. American States hereby incorporates by reference the allegations set forth in paragraphs 1 through 24 of this pleading as if fully set forth herein.

26. Travelers breached its contract of insurance when it failed, neglected or refused to pay more than $450,000 on behalf of its insured, RERI, to settle the Jarrett case.

27. As a direct and proximate result of the aforesaid breach, American States paid $450,000 on behalf of RERI to conclude the settlement of the Jarrett case.

COUNT III

28.  American States hereby incorporates by reference the allegations set forth in paragraphs 1 through 27 of this pleading as if fully set forth herein.

29.  Under applicable West Virginia law, RERI is allowed to recover attorneys' fees as of right from Travelers due to Travelers' failures to provide defense and indemnification to RERI, as its insured.

WHEREFORE, American States Insurance Company demands judgment of Travelers Property Casualty Company for an amount in excess of $75,000, together with an award of pre-judgment and post-judgment interest, attorneys' fees and costs, as allowed by law.

JURY TRIAL DEMANDED.

Respectfully submitted,

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

By:   /s/Louis C. Long, Esquire
      LOUIS C. LONG, ESQUIRE
      W.Va. I.D. No. 5633

      One Oxford Centre, 38th Floor
      Pittsburgh, PA  15219
      412-263-2000 - telephone
      412-263-4224 - Fax

      Counsel for Plaintiff,
      AMERICAN STATES
      INSURANCE COMPANY